**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. |
| Advanced Lighting Technologies, LLC | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |

**EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION
FINANCING ARRANGEMENT PURSUANT TO 11 USC §364(d)**

NOW COMES Advanced Lighting Technologies, LLC (the "Debtor" or "ALT"), and moves for an Order authorizing post-petition financing arrangement pursuant to 11 U.S.C. 364(d) and in support thereof would respectfully show the Court the following:

1. On January 6, 2015, ALT filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina.

2. This motion is filed simultaneously with the petition. The Debtor expects the Bankruptcy Court for the Eastern District of North Carolina to issue an order pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code, authorizing the Debtor to retain its assets and operate its business as debtor in possession.

3. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(M).

4. The Debtor is a North Carolina limited liability company in the business of providing electrical contracting. The Debtor's primary assets are the profits generated from profits generated from providing these services to its clients.

5. The Debtor executed a promissory note for the benefit of BB&T on or about August 19, 2013, which has been subsequently modified (the "Note"). As of the Petition Date, the outstanding balance due under the note is approximately $450,517.07.

6. The Debtor's obligations with BB&T are secured by a blanket lien on the Debtor's assets, including all of its receivables, inventory and equipment.

7. In addition, a deed of trust was executed by J&B Properties of Vance, LLC, granting BB&T a second lien position against real property owned by J&B Properties of Vance, LLC for the obligations owed by the Debtor.

8. The Debtor's operations can, at times, require significant outlay in materials and for

payment to the Debtor's employees when the payment for the completed projects may not be received for some 30-60 days after these expenses have been paid by the Debtor.

9. As a result of this, there are a number of times that the Debtor is faced with cash shortages to meet its necessary operational expenses while it awaits payments for the work is had already provided.

10. In light of the Debtors need for immediate cash flow to meet operating expenses.

11. Given its prior relationship with BB&T, the Debtor sought this additional financing from BB&T. However, BB&T declined to extend any further credit to the Debtor. As a result, the Debtor was forced to seek additional avenues of financing[1].

12. These efforts resulted in the Debtor entering into an agreement with Durham Commercial Capital Corp. ("Durham Capital") whereby Durham Capital has agreed to purchase some or all of the Debtor's accounts receivables.

13. Under the terms of the proposed agreement, generally, Durham Capital will purchase account receivable from the Debtor by advancing the full value of the receivable to the debtor in exchange for a fee of 3.5% of the face amount of the receivable. As security for the receivables, the Debtor is to grant Durham Capital a first position lien on the Debtor's receivables[2].

14. As a condition of consummating the agreement with Durham Capital, the Debtor is required to provide a first position lien against the Debtor's accounts receivables.

15. In the event that Durham Capital does not obtain a first position lien on the Debtor's receivables, it will not consummate the transaction with the Debtor.

16. The Court, under 11 USC §364(d)(1), is authorized to approve the extension of credit to the Debtor that is secured by a senior lien on property of the estate that is subject to a pre-existing lien only if :

   a. A trustee is unable to obtain such credit otherwise; and

   b. There is adequate protection of the interest of the holder of the lien in the property of the estate on which such senior or equal lien is proposed to be granted.

17. As stated above, Durham Capital will not provide any financing to the Debtor unless it can obtain a first position lien on the Debtor's account receivable.

18. The Bankruptcy Code does not provide a definition for the term "adequate protection,"

---

[1] After being denied additional credit from BB&T, the Debtor attempted to find alternative financing from other sources. However, Durham Capital is the only entity contacted by the Debtor that is willing to extend additional financing to the Debtor.

[2] A copy of the proposed agreement between Durham Capital and the Debtor may be made available upon request.

although adequate protection for purposes of 364(d) can be in the form of (1) use of the DIP loan to pay down the lender's pre-petition outstanding debt; (2) when the debtor is required to make regular payments to the lender; or (3) when there is a sufficient equity cushion in the lender's collateral to provide sufficient protection of the lender's interest. 11 U.S.C. § 361.

19. As of the Petition Date, the Debtor has outstanding receivables totaling $927,639.67.

20. While the Debtor has several payables, a number of these accounts payable are material suppliers who would have lien rights under NC. Gen Stat. 44A-7 et seq., and the claims of those creditors with lien rights total $645,297.99

21. The lien proposed herein has no impact on the remaining collateral of BB&T under its loan documents with the Debtor, which also includes a deed of trust in BB&T's favor against real property owned by J&B Properties of Vance, LLC. It is believed that the remaining collateral that will not be primed by the lien in favor of Durham Capital contemplated herein has value in excess of $259,000.00.

22. In addition, in the event that the financing contemplated herein is authorized, the Debtor should be in a position to pay down the outstanding balance owed to BB&T as the factored funds are received.

23. The financing provided by Durham Capital will allow the Debtor to continue operations and maximize the going concern value of the business in order to satisfy all of its obligations, including that of BB&T. In addition, the funds contemplated to be received from Durham Capital will be applied to outstanding obligations owed to certain creditors of the Debtor that have the right to assert claims of lien on funds under N.C. Gen. Stat. 44A.

24. In the event that the Court does not approve the financing with Durham Capital, the Debtor will be unable to pay expenses and will be unable to acquire inventory needed for the Debtor to complete ongoing projects, which may result in the Debtor being forced into a liquidation.

25. Due to the immediate need of the post-petition financing contemplated herein, cause exists to waive the 14-day automatic stay provided by Federal Rule of Bankruptcy Procedure 6004(h).

WHEREFORE the Debtor prays that the Court enter an order authorizing the post-petition financing arrangement with Durham Capital under the terms and conditions set forth in the motion pursuant to 11 USC §364(d) and for such other and further relief that the Court deems just and proper.

This 7th day of January, 2015.

        JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

      By: /s/Philip W. Paine
         Philip W. Paine
         NC State Bar No. 31710
         Attorneys for Debtor
         Post Office Box 12347
         Raleigh, NC 27605-2347
         Telephone: (919) 821-7700
         Facsimile: (919) 821-7703

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 15-00081-5 |
| | ) | |
| Advanced Lighting Technologies, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor | ) | |

## NOTICE OF MOTION AND NOTICE OF HEARING

NOTICE IS HEREBY GIVEN that a hearing is said cause will be held:

      DATE:    January 14, 2015
      TIME:    11:00 a.m.
      PLACE:  United States Bankruptcy Court,
                    2 Princess St.
                    Wilmington, NC 28401

to consider and act on the following matters:

    The Debtors filed a motion with the Court requesting an order authorizing post-petition financing pursuant to 11 USC §364(d)

    Notice is hereby given that the Motion may be allowed provided no response and request for a hearing is made by the parties in interest in writing to the Clerk

    Dated: January 7, 2015

                    JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

                    By:    /s/Philip W. Paine
                             Philip W. Paine
                             NC State Bar No. 31710
                             Attorneys for Debtor
                             Post Office Box 12347
                             Raleigh, NC 27605-2347
                             Telephone: (919) 821-7700
                             Facsimile: (919) 821-7703

CERTIFICATE OF SERVICE

The undersigned does hereby certify that copies of the foregoing **EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING ARRANGEMENT PURSUANT TO 11 USC §364(d)** and **NOTICE OF MOTION AND HEARING** thereof have been served upon each of the parties listed below via Electronic Service and/or US Mail on January 8, 2015.

Top 20 Unsecured Creditors


Marjorie K. Lynch
Bankruptcy Administrator
Eastern District of North Carolina
434 Fayetteville Street
Suite 640
Raleigh, NC 27601


Date:  January 7, 2015


                                                  /s/Philip W. Paine
                                                  Philip W. Paine
                                                  Jordan Price Wall Gray Jones & Carlton, PLLC

| | | |
|---|---|---|
| EMPLOYMENT SECURITY COMMISSION<br>PO BOX 26504<br>RALEIGH, NC 27611 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101 | NC DEPARTMENT OF REVENUE<br>OFFICE SERVICES DIV.,<br>BANKRUPTCY UNIT<br>PO BOX 1168<br>RALEIGH, NC 27602 |
| US ATTORNEY<br>310 NEW BERN AVENUE, SUITE 800<br>FEDERAL BUILDING<br>RALEIGH, NC 27601 | U. S. BANKRUPTCY COURT<br>ROOM 209, 300 FAYETTEVILLE STREET<br>P.O. DRAWER 1441<br>RALEIGH, NC 27602 | AHERN RENTALS<br>P. O. BOX 271390<br>LAS VEGAS, NV 89127 |
| BB AND T<br>PO BOX 1847<br>WILSON NC 27894 | BB&T CREDIT CARDS<br>632 DABNEY DRIVE<br>HENDERSON, NC 27536 | BCBS OF NC<br>P. O. BOX 580017<br>CHARLOTTE, NC 28258 |
| C.E.S. (CITY ELECTRIC ACCOUNTS-RAL)<br>P. O. BOX 16707<br>GREENSBORO, NC 27416 | CED<br>P. O. BOX 1510<br>CARY, NC 27512-1510 | CAROLINA OFFICE SYSTEMS<br>12345 REESE BLVD. WEST<br>SUITE #130<br>HUNTERSVILLE, NC 28078 |
| CITY OF HENDERSON<br>P. O. BOX 1434<br>HENDERSON, NC 27536 | CRYSTAL SPRINGS<br>P. O. BOX 660579<br>DALLAS, TX 75266-0579 | DENTAL BLUE SELECT<br>ATTN: BILLING DEPARTMENT<br>P. O. BOX 2400<br>WINSTON SALEM, NC 27102 |
| ECK SUPPLY COMPANY<br>P. O. BOX 890250<br>CHARLOTTE, NC 28289 | ELECTRIC SUPPLY & EQUIPMENT COMPANY<br>P. O. BOX 601118<br>CHARLOTTE, NC 28260 | EXPRESS EMPLOYMENT PROFESSIONALS<br>P. O. BOX 535434<br>ATLANTA, GA 30353 |
| FASTENAL<br>P. O. BOX 978<br>WINONA, MN 55987 | FRED'S TOWING & TRANSPORT, INC.<br>400 INDUSTRY DRIVE<br>HENDERSON, NC 27537 | GRAINGER<br>DEPT. 873408165<br>PALATINE, IL 60038 |
| GREGORY POOLE<br>P. O. BOX 60457<br>CHARLOTTE, NC 28260 | HILTI INC<br>PO BOX 382002<br>PITTSBURGH, PA 15250 | INSERV CORPORATION<br>121 DICKENS ROAD<br>FUQUAY VARINA, NC 27526 |

| | | |
|---|---|---|
| JAMES S. LIVERMON, III<br>POYNER SPRUILL<br>PO BOX 353<br>ROCKY MOUNT, NC 27802 | MOBILE MINI, INC.<br>P. O. BOX 740773<br>CINCINNATI, OH 45274 | MOVEABLE CUBICLE<br>6404 FALLS OF NEUSE ROAD<br>SUITE 200<br>RALEIGH, NC 27615 |
| O'REILLY AUTO<br>P. O. BOX 9464<br>SPRINGFIELD, MO 65801 | ROBERT CAMPBELL<br>7 ECTOR STREET, APT D<br>ASHEVILLE, NC 28806 | TERMINIX<br>P. O. BOX 2587<br>FAYETTEVILLE, NC 28302 |
| VANCE COUNTY TAX OFFICE<br>122 YOUNG STREET<br>SUITE E<br>HENDERSON, NC 27536 | WELLS FARGO<br>P. O. BOX 6434<br>CAROL STREAM, IL 60197 | WILLIAM L. STARK AND COMPANY<br>P. O. BOX 911<br>HENDERSON, NC 27536 |
| BANKRUPTCY ADMINISTRATOR<br>TWO HANNOVER SQUARE, STE. 620<br>434 FAYETTEVILLE STREET<br>RALEIGH, NC 27601 | | |