## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. |
| Advanced Lighting Technologies, LLC ) | Chapter 11 |
| ) | |
| Debtor ) | |

### EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING ARRANGEMENT PURSUANT TO 11 USC §364(c)

NOW COMES Advanced Lighting Technologies, LLC (the "Debtor" or "ALT"), and moves for an Order authorizing post-petition financing arrangement pursuant to 11 U.S.C. 364(c) and in support thereof would respectfully show the Court the following:

1. On January 6, 2015, ALT filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina (the "Bankruptcy Case").

2. The Bankruptcy Court for the Eastern District of North Carolina has issued an order pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code, authorizing the Debtor to retain its assets and operate its business as debtor in possession.

3. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(M).

4. The Debtor is a North Carolina limited liability company in the business of providing electrical contracting. The Debtor's primary assets are the profits generated generated from providing these services to its clients.

5. The Debtor's operations can, at times, require significant outlay in materials and for payment to the Debtor's employees when the payment for the completed projects may not be received for some 30-60 days after these expenses have been paid by the Debtor.

6. As a result of this, there are a number of times that the Debtor is faced with cash shortages to meet its necessary operational expenses while it awaits payments for the completed projects . In light of this, the Debtor has a need for immediate cash flow to meet operating expenses.

7. In addition, the Debtor's two primary customers have specific requirements and demands for the type and make of materials that they need installed in their factories. In turn, the Debtor is only able to obtain these goods and materials locally from a limited number of suppliers.

8. The Debtor is unable to obtain the goods and materials it needs to meet the Debtor's obligations to its customers from any of the suppliers who provide such materials on an unsecured credit basis that would be allowed as an administrative expense under 11 USC §503(b)(1).

9. Given its prior relationship with BB&T, the Debtor sought this additional financing from BB&T. However, BB&T declined to extend any further credit to the Debtor.

10. In order to meet its short term cash needs and to obtain the materials it needs to complete ongoing projects, the Debtor and Eck Supply Company ("Eck") have reached an agreement whereby Eck has agreed to provide a limited credit line to the Debtor as well as the release of certain funds held by the Debtor subject to Eck's lien rights under N.C. Gen. Stat Chapter 44A.

11. A summary of the terms of the proposed agreement are as follows:

    a. ALT shall be permitted an initial draw up to $50,000 on the line of credit to purchase materials and supplies from Eck.

    b. On or before February 5, 2015, ALT shall pay Eck up to a total of $92,927, being a full repayment of the $50,000 line of credit and the $42,927 from the 44A account.

    c. Further draws on the $50,000 line of credit are expressly conditioned on the following timely payments to Eck pursuant to its lien rights under Chapter 44A:

        i. On or before February 5, 2015, ALT shall pay Eck the amount of its asserted lien claims in the project known as MARS Petcare: ALT-727 Switch Gear Purchase, provided no timely objection is made by Debtor, BB&T or the Bankruptcy Administrator to such payment.

        ii. On or before February 13, 2015, ALT shall pay Eck the amount of its asserted lien claims in the project known as MARS Petcare: ALT-725 Switch Gear Change Out, provided no timely objection is made by Debtor, BB&T or the Bankruptcy Administrator to such payment.

        iii. If the above-described payments are not made in a timely manner as outlined above, ALT's right to draw on the line of credit immediately terminates.

    d. ALT's right to draw on the line of credit shall also immediately terminate upon the occurrence of the following events:

        i. The dismissal of the Bankruptcy Case;

      ii. The appointment of a trustee in the Bankruptcy Case;

      iii. The conversion of the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code;

      iv. The Debtor's filing, or the confirmation of, a Chapter 11 plan of reorganization in the Bankruptcy Case that does not provide for the full satisfaction of all pre-petition claims of Eck in a manner acceptable to Eck in its sole discretion;

      v. The commencement by ALT of any lawsuit, adversary proceeding, or contested matter against Eck; and

      vi. The entry of any order that modifies the rights of Eck under this agreement without Eck's express consent.

e. Eck shall be under no obligation to increase the line of credit beyond $50,000 or extend further credit to ALT.

f. ALT shall use the $42,927 currently earmarked for Eck in the 44A account in accordance with a budget approved by Eck. ALT will present a budget at the hearing on this Motion.

g. In exchange for its extension of credit and use of the $42,927 currently earmarked for Eck in the 44A account, Eck shall be given an administrative expense with priority over any and all administrative expenses of the kind specified in section 503(b) and 507(b) pursuant to 11 U.S.C. § 364(c)(1). Eck's administrative priority claim shall be equal to the amount of credit extended by Eck to ALT pursuant to the court's Order authorizing the extension of credit.

h. Eck shall also be granted a first priority blanket lien on the assets of Trinity Electrical Construction Co. to secure both the aforementioned extensions of credit but also all pre-petition amounts owed to Eck by ALT. Trinity Electrical Construction Co. is an affiliate of the Debtor. Trinity Electrical Construction Co. generally maintains stock inventory which is sold from time to time to the Debtor as needed for the Debtor's projects in addition to equipment which is leased by the Debtor.

12. Under 11 USC §364(c), since unsecured credit is otherwise unavailable to the Debtor, it is necessary to approve the extension of unsecured credit offered to the Debtor by Eck and that the unsecured credit extended by Eck herein shall be granted a priority over all administrative expenses of the kind specified in 11 USC §§ 503(b) or 507(b).

13. Under the circumstances it is currently facing, if the Debtor does not receive the unsecured credit extended by Eck as contemplated herein, the Debtor faces immediate and irreparable harm. As such the 14 day notice requirement of Fed. R. Bankr. Pro. 4001(c)(2) should be

waived and the Court allow the contemplated transaction in order to avoid immediate and irreparable harm to the Debtor.

WHEREFORE the Debtor prays that the Court enter an order authorizing the post-petition financing arrangement with Eck Supply Company under the terms and conditions set forth herein, that the and for such other and further relief that the Court deems just and proper.

This 21st day of January, 2015.

                JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

        By:    /s/Philip W. Paine
                  Philip W. Paine
                  NC State Bar No. 31710
                  Attorneys for Debtor
                  Post Office Box 10669
                  Raleigh, NC 27605-2347
                  Telephone: (919) 828-2501
                  Facsimile: (919) 834-8447

CERTIFICATE OF SERVICE

The undersigned does hereby certify that copies of the foregoing **EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING ARRANGEMENT PURSUANT TO 11 USC §364(c)** and **NOTICE OF MOTION AND HEARING** thereof have been served upon each of the parties listed below via Electronic Service and/or US Mail on January 21, 2015.

Top 20 Unsecured Creditors


Marjorie K. Lynch
Bankruptcy Administrator
Eastern District of North Carolina
434 Fayetteville Street
Suite 640
Raleigh, NC 27601


Date:  January 21, 2015

                                      /s/Philip W. Paine
                                      Philip W. Paine
                                      Jordan Price Wall Gray Jones & Carlton, PLLC

EMPLOYMENT SECURITY
COMMISSION
THOMAS H. HODGES, JR., CHIEF
COUNSEL
POST OFFICE BOX 25903
RALEIGH, NC 27611

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101

NC DEPARTMENT OF REVENUE
OFFICE SERVICES DIV.,
BANKRUPTCY UNIT
PO BOX 1168
RALEIGH, NC 27602

US ATTORNEY
310 NEW BERN AVENUE, SUITE 800
FEDERAL BUILDING
RALEIGH, NC 27601

U. S. BANKRUPTCY COURT
ROOM 209,
300 FAYETTEVILLE STREET
P.O. DRAWER 1441
RALEIGH, NC 27602

AHERN RENTALS
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE ST.
BOX 1011
RALEIGH, NC 27601-2957

BB AND T
C/O JAMES S. LIVERMON, III
POYNER SPRUILL, LLP
P.O. BOX 353
ROCKY MOUNT, NC 27802

BB&T CREDIT CARDS
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE ST.
BOX 1011
RALEIGH, NC 27601-2957

BCBS OF NC
C/O N. KING PRATHER, REG. AGT.
LEGAL DEPT
P. O. BOX 2291
DURHAM, NC 27702

C.E.S. (CITY ELECTRIC SUPPLY)
C/O DARREN SMITH, REG. AGT.
6827 N ORANGE BLOSSOM TRAIL
ORLANDO, FL 32810

CED
C/O JAMES W. SPROUSE, JR.
SPROUSE LAW FIRM, PLLC
3109 POPLARWOOD CT., STE. 115
RALEIGH, NC 27604

CAROLINA OFFICE SYSTEMS
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE ST.
BOX 1011
RALEIGH, NC 27601-2957

CITY OF HENDERSON
D. RIX EDWARDS, CITY ATTORNEY
P. O. DRAWER 19
HENDERSON, NC 27536

CRYSTAL SPRINGS
P. O. BOX 660579
DALLAS, TX 75266-0579

DENTAL BLUE SELECT
C/O N. KING PRATHER, REG. AGT.
LEGAL DEPT
P. O. BOX 2291
DURHAM, NC 27702

ECK SUPPLY COMPANY
C/O BRIAN R. ANDERSON
NEXSEN PRUET, PLLC
POST OFFICE BOX 3463
GREENSBORO, NC 27402

ELECTRIC SUPPLY & EQUIPMENT
COMPANY
C/O JAMES T WILLIAMS JR, REG. AGT.
P. O. BOX 26000
GREENSBORO, NC 27420

EXPRESS EMPLOYMENT
PROFESSIONALS
P. O. BOX 535434
ATLANTA, GA 30353

FASTENAL
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE ST.
BOX 1011
RALEIGH, NC 27601-2957

FRED'S TOWING & TRANSPORT,
INC.
C/O FRED D. FOGG, JR., REG. AGT.
400 INDUSTRY DRIVE
HENDERSON, NC 27537

GRAINGER
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE ST.
BOX 1011
RALEIGH, NC 27601-2957

GREGORY POOLE
C/O J. GREGORY POOLE, III, REG. AGT.
4807 BERYL ROAD
RALEIGH, NC 27606-1406

HILTI INC
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE ST.
BOX 1011
RALEIGH, NC 27601-2957

INSERV CORPORATION
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE ST.
BOX 1011
RALEIGH, NC 27601-2957

MOBILE MINI, INC.
C/O CORPORATION SERVICE
COMPANY
327 HILLSBOROUGH STREET
RALEIGH, NC 27603

MOVEABLE CUBICLE
C/O CORPORATION SERVICE
COMPANY
327 HILLSBOROUGH STREET
RALEIGH, NC 27603

DURHAM COMMERCIAL CAPITAL
C/O GERALD A. JEUTTER, JR.
ATTORNEY AT LAW, PA
POST OFFICE BOX 12585
RALEIGH, NC 27605

O'REILLY AUTO
C/O CT CORPORATION SYSTEM
150 FAYETTEVILLE ST.
BOX 1011
RALEIGH, NC 27601-2957

ROBERT CAMPBELL
7 ECTOR STREET, APT D
ASHEVILLE, NC 28806

TERMINIX
C/O JAMES D. HAUGH, REG. AGT.
2709 BREEZEWOOD AVE.
FAYETTEVILLE, NC 28303

VANCE COUNTY TAX OFFICE
C/O JONATHAN S. CARE
COUNTY ATTORNEY
109 W. MONTGOMERY ST.
HENDERSON, NC 27536

WELLS FARGO
C/O CORPORATION SERVICE
COMPANY
327 HILLSBOROUGH STREET
RALEIGH, NC 27603

WILLIAM L. STARK AND COMPANY
C/O WILLIAM L STARK, JR, REG. AGT.
P. O. BOX 911
HENDERSON, NC 27536

ADVANCED LIGHTING
TECHNOLOGIES, LLC
118 PETER GILL RD.
HENDERSON, NC 27537

WELLS FARGO FINANCIAL LEASING
C/O CORPORATION SERVICE
COMPANY
327 HILLSBOROUGH STREET
RALEIGH, NC 27603