IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Case No. 15-00081-5-SWH |
| Advanced Lighting Technologies, LLC, ) | Chapter 11 |
| ) | |
| Debtor ) | |
| ) | |

**MOTION TO ESTABLISH A PROCEDURE FOR THE PERFECTION OF STATUTORY MECHANICS LIENS, PAYMENTS TO MECHANICS LIENHOLDERS AND TO PROVIDE ADEQUATE PROTECTION**

NOW COMES Advanced Lighting Technologies, LLC (the "Debtor" or "ALT"), and moves the Court to establish a procedure as contemplated herein regarding certain statutory lien rights of some of the Debtor's creditors and to provide adequate protection. In support thereof, ALT shows the Court the following:

1. On January 6, 2015, ALT Services Group filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina.

2. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(M).

3. The Debtor is in the business of providing electrical construction services, primarily to industrial and commercial customers. The Debtor's primary assets are the profits generated from the goods and services provided to its customers.

4. The Debtor is aware that several of its creditors have N.C. Gen. Stat. 44A lien rights, which if enforced, could substantially and materially impact the Debtor's relationships with its customers if the Debtor's creditors are forced to pursue these lien rights.

5. The Debtor's ability to reorganize will be substantially impaired if its suppliers will not continue working with them going forward and/or if the Debtor's customers cease providing work to the Debtor.

6. The Debtor also desires to ensure that those creditors who would otherwise assert a claim of lien on funds have an alternative mechanism for asserting their claim and obtaining similar protection to the type envisioned by the creditor asserting a claim of lien on funds.

7. Specifically, the Debtor wishes to establish the following procedures governing those

creditors with lien rights under N.C. Gen. Stat Chapter 44A:

a. In the event that any creditor who may have the right to assert a claim of lien on funds, in lieu of following the statutory requirements for perfecting the same via services of the Notice of Claim of Lien on Funds to the owner of the project on which the Debtor provided goods and/or services, those creditors shall send all appropriate paperwork asserting their lien to counsel for the Debtor. The information to be sent shall be in the same form and substance as if the creditor was sending a Notice of Claim of Lien on Funds directly to the property owner, including all necessary documentation to establish the basis for the amount claimed, including any invoices and any other information necessary to establish that creditor's rights to a lien on funds. The Debtor shall immediately provide a copy of the Notice of Claim of Lien on Funds and supporting documentation to Branch Banking and Trust Company ("BB&T"), by and through its counsel, and to the United States Bankruptcy Administrator.

b. No creditors will receive any more rights than they would have under applicable state law.

c. The Debtor has already established a separate bank account for all potential Chapter 44A lien claims (the "Chapter 44A Account"). All funds received by the Debtor that are subject to a Notice of Claim of Liens on Funds submitted in accordance with this procedure that are received by the Debtor prior to the Debtor's receipt of such funds will be deposited in Chapter 44A Account. No funds that are not subject to a timely served Notice of Claim of Liens on Funds as set forth in this Order shall be deposited into the Chapter 44 Account.

d. All notices received by the Debtor under this procedure prior to the receipt of funds from the property owner shall be entitled to the same rights in the funds ultimately received by the Debtor as if the creditor served its Notice of Claim of Lien on Funds directly on the property owner.

e. Prior to distribution of funds from the Chapter 44A Account, the Debtor shall provide an accounting to BB&T and the Bankruptcy Administrator of the claims to be paid that shows the amount and exact date and time of receipt of payments; accounting of the segregation of liened funds; proposed payments of claims subjects to liens on funds with supporting documentation. In the absence of a written objection by counsel for BB&T to counsel for Debtor within 10 days after written receipt of the required documentation evidencing valid liens on funds, those amounts may be distributed to 44A lien claimants as follows: in an amount sufficient to cover all asserted claims of lien on funds, provided that the deposited amounts equal or exceed the value of the claims of lien on funds or, to the extent that the funds received are lower than the total amount of the claims of lien asserted against those funds, the funds shall be distributed pro rata to the lien

claimants.

    f. Any funds received by the Debtor that are not subject to any possible claims of lien on funds or that are received by the Debtor prior to the receipt of any Notice of Claim of Lien on Funds are available for deposit into the Debtor's general operating account, subject to any cash collateral orders entered by the Court.

    g. The procedure herein contemplated shall not prevent any party in interest from raising any defenses to any lien on funds asserted under these procedures.

    h. To the extent a 44A lien claimant provides materials and supplies to Debtor on credit post-petition, pursuant to further order of the Court and 11 U.S.C. § 364, that would give rise to a 44A lien claim, such lien claimant may submit a Notice of Claim of Lien on Funds in accordance with the procedures contemplated herein to reflect any amounts owed for such materials and supplies.

8. With respect to the possible lien claims asserted by Eck Supply ("Eck"), Eck has previously provided copies of all of its Notices of Claims of Lien on Funds it can assert, as contemplated herein. Eck shall be deemed to have asserted its lien rights with respect to funds deposited into the 44A account as of January 14, 2015.

WHEREFORE, the Debtor prays for an Order of the Court establishing the procedure outlined herein for the perfection of statutory claims of lien on funds and for such other and further relief that the Court deems just and proper.

This 21st day of January, 2015.

                        JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

                        By:   /s/Philip W. Paine
                               Philip W. Paine
                               NC State Bar No. 31710
                               Attorneys for Debtor
                               Post Office Box 10669
                               Raleigh, NC 27605
                               Telephone: (919) 828-2501

## CERTIFICATE OF SERVICE

The undersigned hereby certifies under penalty of perjury that she is over eighteen (18) years of age and **NOTICE AND MOTION TO ESTABLISH A PROCEDURE FOR THE PERFECTION OF STATUTORY MECHANICS LIENS, PAYMENTS TO MECHANICS LIENHOLDERS AND TO PROVIDE ADEQUATE PROTECTION** was this day served upon the below named person(s), parties and/or counsel by mailing, postage prepaid, first class mail, a copy of such instrument to such persons, parties and/or counsel at the address shown or as indicated below:

Marjorie K. Lynch
Bankruptcy Administrator
Eastern District of North Carolina
434 Fayetteville Street
Suite 640
Raleigh, NC 27601


See attached matrix

Date:  January 21, 2015


/s/Philip W. Paine
Philip W. Paine
Jordan Price Wall Gray Jones & Carlton, PLLC

EMPLOYMENT SECURITY
COMMISSION
PO BOX 26504
RALEIGH, NC 27611

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101

NC DEPARTMENT OF REVENUE
OFFICE SERVICES DIV.,
BANKRUPTCY UNIT
PO BOX 1168
RALEIGH, NC 27602

US ATTORNEY
310 NEW BERN AVENUE, SUITE 800
FEDERAL BUILDING
RALEIGH, NC 27601

U. S. BANKRUPTCY COURT
ROOM 209,
300 FAYETTEVILLE STREET
P.O. DRAWER 1441
RALEIGH, NC 27602

AHERN RENTALS
P. O. BOX 271390
LAS VEGAS, NV 89127

BB AND T
C/O JAMES S. LIVERMON, III
POYNER SPRUILL, LLP
P.O. BOX 353
ROCKY MOUNT, NC 27802

BB&T CREDIT CARDS
632 DABNEY DRIVE
HENDERSON, NC 27536

BCBS OF NC
P. O. BOX 580017
CHARLOTTE, NC 28258

C.E.S. (CITY ELECTRIC ACCOUNTS-
RAL)
P. O. BOX 16707
GREENSBORO, NC 27416

CED
C/O JAMES W. SPROUSE, JR.
SPROUSE LAW FIRM, PLLC
3109 POPLARWOOD CT., STE. 115
RALEIGH, NC 27604

CAROLINA OFFICE SYSTEMS
12345 REESE BLVD. WEST SUITE
#130
HUNTERSVILLE, NC 28078

CITY OF HENDERSON
P. O. BOX 1434
HENDERSON, NC 27536

CRYSTAL SPRINGS
P. O. BOX 660579
DALLAS, TX 75266-0579

DENTAL BLUE SELECT
ATTN: BILLING DEPARTMENT
P. O. BOX 2400
WINSTON SALEM, NC 27102

ECK SUPPLY COMPANY
C/O BRIAN R. ANDERSON
NEXSEN PRUET, PLLC
POST OFFICE BOX 3463
GREENSBORO, NC 27402

ELECTRIC SUPPLY & EQUIPMENT
COMPANY
P. O. BOX 601118
CHARLOTTE, NC 28260

EXPRESS EMPLOYMENT
PROFESSIONALS
P. O. BOX 535434
ATLANTA, GA 30353

FASTENAL
P. O. BOX 978
WINONA, MN 55987

FRED'S TOWING & TRANSPORT,
INC.
400 INDUSTRY DRIVE
HENDERSON, NC 27537

GRAINGER
DEPT. 873408165
PALATINE, IL 60038

GREGORY POOLE
P. O. BOX 60457
CHARLOTTE, NC 28260

HILTI INC
PO BOX 382002
PITTSBURGH, PA 15250

INSERV CORPORATION
121 DICKENS ROAD
FUQUAY VARINA, NC 27526

MOBILE MINI, INC.
P. O. BOX 740773
CINCINNATI, OH 45274

MOVEABLE CUBICLE
6404 FALLS OF NEUSE ROAD
SUITE 200
RALEIGH, NC 27615

DURHAM COMMERCIAL CAPITAL
C/O GERALD A. JEUTTER, JR.
ATTORNEY AT LAW, PA
POST OFFICE BOX 12585
RALEIGH, NC 27605

O'REILLY AUTO
P. O. BOX 9464
SPRINGFIELD, MO 65801

ROBERT CAMPBELL
7 ECTOR STREET, APT D
ASHEVILLE, NC 28806

TERMINIX
P. O. BOX 2587
FAYETTEVILLE, NC 28302

VANCE COUNTY TAX OFFICE
122 YOUNG STREET
SUITE E
HENDERSON, NC 27536

WELLS FARGO
P. O. BOX 6434
CAROL STREAM, IL 60197

WILLIAM L. STARK AND COMPANY
P. O. BOX 911
HENDERSON, NC 27536

ADVANCED LIGHTING
TECHNOLOGIES, LLC
118 PETER GILL RD.
HENDERSON, NC 27537

WELLS FARGO FINANCIAL LEASING
800 WALNUT STREET
MAC N0005−055
DES MOINES, IA 50309