**SO ORDERED.**

**SIGNED this 28 day of January, 2015.**

*Stephani W. Humrickhouse*
Stephani W. Humrickhouse
United States Bankruptcy Judge

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

ADVANCED LIGHTING
TECHNOLOGIES, LLC                    CASE NO. 15-00081-5-SWH

    DEBTOR                           CHAPTER 11

### ORDER AUTHORIZING CONDITIONAL INTERIM
### USE OF CASH COLLATERAL

THIS CAUSE came on for hearing before the Court on January 14, 2015 upon the Emergency Motion for Order Authorizing Use of Cash Collateral (the "Motion") filed by Advanced Lighting Technologies, LLC on January 7, 2015 and Branch Banking and Trust Company's Objection to Debtor's Emergency Motion for Order Allowing Use of Cash Collateral (the "Objection") filed on January 13, 2015. Counsel for Advanced Lighting Technologies, LLC (the "Debtor"), Branch Banking and Trust Company ("BB&T"), Eck Supply Company ("Eck") and the Bankruptcy Administrator appeared at the hearing. Based upon the record established at the hearing, the Court hereby finds and concludes as follows:

1. The above-captioned Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code on January 6, 2015 (the "Petition Date") and the Debtor continues to operate as debtor-in-possession.

2. BB&T is the holder of a claim in the approximate amount of $455,000.00 secured by a lien on the Debtor's inventory, accounts, equipment, general intangibles, and the products and proceeds thereof (collectively, the "Collateral"). BB&T's claim is also secured by a second lien on real property located at 118 Peter Gill Road, Henderson, North Carolina (the "Property"). The Property is owned by J & B Properties of Vance, LLC, which leases it to the Debtor for use as the Debtor's principal place of business.

3. The Debtor filed its Motion on January 7, 2015 seeking the Court's permission to use BB&T's cash collateral to fund ongoing operations. BB&T timely filed its Objection on January 13, 2015.

4. The Debtor does not have the funds necessary to continue operations without the use of BB&T's cash collateral.

5. On an interim basis, the Debtor shall be allowed use of BB&T's cash collateral, subject to and within the limits imposed by the terms of this Order and the budget attached hereto as Exhibit A ("Budget"). The Debtor reasonably and in good faith believes the Budget is sufficient to fund all projected reasonable and allowable expenses of its Chapter 11 case from through February 12, 2015.

6. In exchange for the use of BB&T's cash collateral, the Debtor shall make adequate protection payments to BB&T in the amount of $5,000.00 per month, the first payment of which shall be due within five days of the entry of this Order and shall provide BB&T weekly reporting of all accounts receivable and accounts payable as well as a cash flow statement which

will be due to BB&T by the Wednesday of the week following the applicable reporting period. Additionally, BB&T will be granted a replacement lien in the Debtor's post-petition property, including inventory, accounts, equipment, general intangibles, and the products and proceeds thereof, to the extent of its pre-petition liens as further set forth below.

NOW THEREFORE, the Court orders, adjudges and decrees as follows:

1. Subject to the terms and conditions of this Order, the Debtor may use the cash collateral of BB&T and shall pay its ordinary and necessary expenses as set forth in the attached Budget until the earlier of: (i) end of business on February 11, 2015; (ii) the Debtor ceases operations; (iii) the Debtor expends any funds or monies for any purpose or amount other than what is set forth in the Budget, provided however that the Debtor's actual cash disbursements for the line items in the Budget may be up to ten percent (10%) more than the budgeted amount for total cash disbursements through the conclusion of the Budget period; (iv) any material and/or intentional misrepresentation by the Debtor in the reporting to be provided to BB&T under this Order; (v) the non-compliance or default of the Debtor with any terms and provisions of this Order; (vi) the factoring or pledging as security of any account receivable that is not authorized by this Court; or (vii) another Order concerning cash collateral is entered.

2. As adequate protection for any post-petition diminution in value of BB&T's interests in its Collateral, including without limitation that caused by the Debtor's use of BB&T's Collateral and/or on account of the Debtor's limited use of cash collateral, BB&T is hereby granted a post-petition continuing replacement lien in and on the Collateral of the same types and of the same validity, perfection, extent and priority as held by BB&T pre-petition. Said liens are valid and perfected without need for further filing or recordation.  To the extent

that the adequate protection granted to BB&T herein is insufficient, BB&T shall be entitled to priority under 11 U.S.C. § 507(b).

3.   As additional adequate protection of BB&T's interests, BB&T shall receive monthly payments in the amount of $5,000.00 from the Debtor with the first payment due on or before the fifth day following entry of this Consent Order.

4.   The Debtor shall provide BB&T weekly reporting of all accounts receivable and accounts payable as well as a cash flow statement, which will be due to BB&T, Eck and the Bankruptcy Administrator by the Wednesday of the week following the applicable reporting period, beginning with the week of January 12, 2015.  The Debtor shall comply with such additional reporting requirements as BB&T may reasonably require, and shall grant BB&T access to review records and property of the Debtor in order to verify such reports.

5.   The Debtor shall dispose of no asset of the Debtor unless BB&T is noticed in advance, and upon approval of this Court.

6.   Upon entry of this Order, BB&T shall be, and shall be deemed to be, without any further action or notice, named as additional insured and loss payee on each insurance policy maintained by the Debtor which in any way relates to BB&T's Collateral.  The Debtor shall pay any and all undisputed post-petition taxes, assessments and governmental charges with respect to BB&T's Collateral.  The Debtor shall provide BB&T with proof of the foregoing within three (3) business days of written demand and will give BB&T reasonable access to its records in this regard.

7.   Nothing contained herein shall be deemed as a waiver by BB&T from seeking further or additional adequate protection of its Collateral, as applicable, or pursuing any other

rights or remedies available to it under law or equity, including the right to move for relief from the automatic stay.

8. Except as may be provided in a confirmed Chapter 11 Plan of Reorganization, if any or all of the provisions of this Order are hereafter vacated, modified or stayed by subsequent Order of this Court or any other court, such vacation, modification or stay shall not affect the validity or enforceability of any security interest, lien, or priority authorized or created by this Order. The validity and enforceability of all security interests, liens, and priorities shall survive the conversion of this case to a case under Chapter 7 and the dismissal of this case, if any. The provisions of this Order shall be binding upon and inure to the benefit of BB&T, the Debtor, and their respective successors and assigns. This Order shall be binding on any trustee hereafter appointed under Chapter 7 of the Bankruptcy Code.

9. A further hearing on the Debtor's use of cash collateral will be held on February 27, 2015 at 11:00 a.m. in the United States Bankruptcy Court, Raleigh, North Carolina.

END OF DOCUMENT