IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No.  15-00081-5-SWH |
| Advanced Lighting Technologies, LLC | ) | |
| | ) | Chapter 11 |
| Debtor | ) | |

**EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION
FINANCING ARRANGEMENT PURSUANT TO 11 USC §364(c)**

NOW COMES Advanced Lighting Technologies, LLC (the "Debtor" or "ALT"), and moves for an Order authorizing a post-petition financing arrangement pursuant to 11 U.S.C. 364(c) and in support thereof would respectfully show the Court the following:

1. On January 6, 2015, ALT filed a voluntary petition for relief pursuant to Chapter 11, Title 11 of the United States Code (the "Bankruptcy Code") in the Eastern District of North Carolina.

2. The Bankruptcy Court for the Eastern District of North Carolina has issued an order pursuant to 11 U.S.C. §§ 1107 and 1108 of the Bankruptcy Code, authorizing the Debtor to retain its assets and operate its business as debtor in possession.

3. This Court has jurisdiction to consider this motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157 (b)(2)(M).

4. The Debtor is a North Carolina limited liability company in the business of providing electrical contracting.  The Debtor's primary assets are the profits generated from profits generated from providing these services to its clients.

5. The materials the Debtor is required to acquire in order to perform its contracts are only available locally from a limited number of suppliers.

6. In addition, the Debtor has procured at least one new contract from a customer that will require a significant amount of materials the Debtor will need to acquire on a credit basis to perform because it does not have sufficient cash on hand to acquire the same on a c.o.d. basis.

7. The Debtor is unable to obtain the goods and materials it needs to meets the Debtor's obligations to its customers from any of the suppliers who provide such materials on an unsecured credit basis that would be allowed as an administrative expense under 11 USC §503(b)(1).

8. In order to obtain the materials it needs to complete ongoing projects, the Debtor and Eck Supply Company ("Eck") have reached an agreement whereby Eck has agreed to increase the credit line it has previously extended to the Debtor under the Court's January 23, 2015 Order Authorizing Post-Petition Financing to the Debtor.

9. In order to protect creditors who agreed not to enforce their lien rights, the Debtor established a separate bank account for all potential Chapter 44A lien claims (the "Chapter 44A Account"). The Debtor will deposit in the Chapter 44A Account all funds it receives as payment for materials purchased from Eck on a credit basis as contemplated herein that are subject to a Notice of Claim of Liens on Funds that may be submitted in accordance with the procedures established in the Order Granting Motion to Establish a Procedure for the Perfection of Statutory Mechanics' Liens, Payments to Mechanics Lienholders and to Provide Adequate Protection (the "Procedures Order").

10. The terms of the proposed agreement are as follows:

    a. ALT shall be permitted to draw up to $250,000 on the line of credit to purchase materials and supplies from Eck.

    b. Eck shall be under no obligation to increase the line of credit beyond $250,000 or extend further credit to ALT.

    c. ALT's right to draw on the line of credit shall also immediately terminate upon the occurrence of the following events:

        i. The dismissal of the Bankruptcy Case;

        ii. The appointment of a trustee in the Bankruptcy Case;

        iii. The conversion of the Bankruptcy Case to a case under Chapter 7 of the Bankruptcy Code;

        iv. The Debtor's filing, or the confirmation of, a Chapter 11 plan of reorganization in the Bankruptcy Case that does not provide for the full satisfaction of all pre-petition claims of Eck in a manner acceptable to Eck in its sole discretion;

        v. The commencement by ALT of any lawsuit, adversary proceeding, or contested matter against Eck; and

        vi. The entry of any order that modifies the rights of Eck under this agreement without Eck's express consent.

    d. Eck has no obligation to increase the line of credit beyond $250,000 or extend further credit to ALT.

e.  In exchange for the $250,000 extension of credit under the line of credit, Eck shall be given an administrative expense with priority over any and all administrative expenses of the kind specified in section 503(b) and 507(b) pursuant to 11 U.S.C. § 364(c)(1). Eck's administrative priority claim shall be equal to the amount of credit Eck extends to ALT under the line of credit (up to $250,000.00).

f.  Eck will be granted a perfected, blanket lien on all assets of Trinity Electrical Construction Co. ("Trinity Electrical") to secure the increased line of credit, and all pre-petition amounts owed to Eck by ALT without any further action of Eck or Trinity Electrical and without the execution, filing, or recording of any financing statements, security agreements or other documents. Trinity Electrical is an affiliate of the Debtor. Trinity Electrical generally maintains stock inventory which is sold from time to time to the Debtor as needed for the Debtor's projects, owns equipment which is leased by the Debtor, and owns two vehicles. Despite the granting of a perfected lien in Trinity Electrical's assets without the need for further action of Eck or Trinity Electrical, the Debtor and Trinity Electrical shall cooperate fully with Eck to execute any documents and take any actions as reasonably requested by Eck to reflect and effectuate the granting and perfection of such lien.

g.  As an express condition of Eck extending credit under this Order, Trinity Electrical must take all actions available to it under North Carolina law to cause any filed UCC-1 financing statements that predate this order to be cancelled and/or terminated, to the satisfaction of Eck. Eck may waive this requirement in its sole discretion.

h.  Trinity Electrical shall not execute a security agreement encumbering its assets or pledge its assets as security to any other party until all of the Debtor's obligations owed to Eck are paid in full.

i.  In the event of a default, Eck shall not be required to exhaust any of its remedies against Trinity Electrical or its assets prior to seeking recovery of those sums due from the Debtor.

j.  To the extent that ALT utilizes the credit line extended by Eck, Eck shall be entitled to assert claims of lien on funds due to the Debtor in accordance with the Court's January 30, 2015 Order establishing the procedures for a creditor to assert its 44A lien rights.

11. Under 11 USC §364(c), since unsecured credit is authorized to approve the extension of unsecured credit to the Debtor by Eck and that the unsecured credit extended by Eck herein shall be granted a priority over all administrative expenses of the kind specified in 11 USC §§ 503(b) or 507(b).

12. Under the circumstances it is currently facing, if the Debtor does not receive the unsecured credit extended by Eck as contemplated herein, the Debtor faces immediate and irreparable

harm.  As such the 14 day notice requirement of Fed. R. Bankr. Pro. 4001(c)(2) should be waived and the Court allow the contemplated transaction in order to avoid immediate and irreparable harm to the Debtor.

WHEREFORE the Debtor prays that the Court enter an order authorizing the post-petition financing arrangement with Eck Supply Company under the terms and conditions set forth herein, that the and for such other and further relief that the Court deems just and proper.

This 25th day of February, 2015.

                          JORDAN PRICE WALL GRAY JONES & CARLTON, PLLC

                          By:    /s/Philip W. Paine
                                   Philip W. Paine
                                   NC State Bar No. 31710
                                   Attorneys for Debtor
                                   Post Office Box 12347
                                   Raleigh, NC 27605-2347
                                   Telephone: (919) 821-7700
                                   Facsimile: (919) 821-7703

CERTIFICATE OF SERVICE

The undersigned does hereby certify that copies of the foregoing **EMERGENCY MOTION FOR ORDER AUTHORIZING POST-PETITION FINANCING ARRANGEMENT PURSUANT TO 11 USC §364(c)** and **NOTICE OF MOTION AND HEARING** thereof have been served upon each of the parties listed below via Electronic Service and/or US Mail on February 24, 2015.

See Attached Matrix

Marjorie K. Lynch
Bankruptcy Administrator
Eastern District of North Carolina
434 Fayetteville Street
Suite 640
Raleigh, NC 27601

Date: February 25, 2015

/s/Philip W. Paine
Philip W. Paine
Jordan Price Wall Gray Jones & Carlton, PLLC